**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Denvil Ronald DANIEL, Defendant-
Appellant.**

No. 30858

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

April 6, 1971.

Charles D. Flinn, Jr., Rome, Ga., Court appointed, for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., J. Owen Forrester, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Following a jury trial Denvil Ronald Daniel appeals from a judgment of conviction for possessing an unregistered still and producing illegal spirits in violation of 26 U.S.C. §§ 5601(a) (1) and 5601(a) (8). The sole question presented for our consideration is whether the government has sustained its "heavy burden" of showing that appellant knowingly and intelligently waived his privi-

---

\* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

lege against self-incrimination and his right to counsel. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). The trial court found that this burden had been met. We affirm.

The relevant facts are substantially without dispute. Appellant was arrested at the site of an illegal still on December 19, 1969. The arresting agent testified that he advised Daniel of his constitutional rights in the following manner:

I read what we call, a form we have, which is Internal Revenue Document 5661 to him, sir.

\* \* \* \* \* \*

I read the form to him in its entirety. I told him it was a statement of rights, that:

"Before we ask you any questions it is my duty to advise you of your rights. You have the right to remain silent. Anything you say can be used against you in court or other proceedings. You have the right to consult an attorney before making any statement or answering any questions, and you may have him present with you during the questioning."

I asked him if he understood that, and he stated he did.

I then told him that:

"You may have an attorney appointed by the U. S. Commissioner or the Court to represent you if you cannot afford or otherwise obtain one. If you decide to answer questions now with or without a lawyer you still have the right to stop the questioning at anytime or to stop the questioning for the purpose of consulting a lawyer. However, you may waive the right to advice of counsel and your right to remain silent, and you may answer questions or make a statement without consulting a lawyer, if you so desire."

I advised him that was, Document 5661 of the Internal Revenue Service.

Q. Did you ask him whether or not he understood it?

A. I did. I asked him if he understood this, and he stated he did understand it.

Q. Did he thereafter make a statement?

A. I talked to him at the still. He went on to make a statement about it; yes, sir.

■ It is apparent from the record that the agent never asked appellant whether he waived his rights and that defendant never verbally expressed his intention to do so. In the circumstances of this case, this fact alone is not sufficient to negative the trial court's finding that there was in fact a valid waiver. We stated the applicable rule in United States v. Montos, 421 F.2d 215, 224 (5th Cir. 1970), cert. den. 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970):

When a defendant warned of his rights makes his statement without a lawyer present, the prosecution may use these statements at trial only if it sustains its "heavy burden" of demonstrating that the defendant "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel". \* \* \* To be valid, a waiver must be made voluntarily, \* \* \* and may not be presumed "simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." \* \* \* An express statement that the individual does not want a lawyer is not required, however, to show that the individual waived his right to have one present. \* \* \* All that the prosecution must show is that the defendant was effectively advised of his rights and that he then intelligently and understandingly declined to exercise them \* \* \*

Accord: United States v. Crowe, 430 F. 2d 670 (5th Cir. 1970); United States v. Hayes, 385 F.2d 375 (4th Cir. 1967); see also, Harris v. New York, 401 U.S.

222, 91 S.Ct. 643, 28 L.Ed.2d 1 [1971]. [1971].

By his own testimony the appellant revealed that he is thirty years old and has no hearing impediments; he is able to read, write, and understand the English language; he was not threatened by the officers; he has been in court twice before on felony charges, in 1960 and 1964, and was made fully aware of his constitutional rights on both occasions. Without any fear of coercion and after stating several times that he understood his rights, appellant freely and openly discussed the distillery and its ownership almost immediately after he had been advised of his rights. These facts provide ample evidence to support the court's finding that the appellant "intelligently and understandingly declined to exercise" his rights. United States v. Montos, *supra*; United States v. Crowe, *supra*; United States v. Hayes, *supra*.

The government has carried its burden; the judgment is affirmed.