265 So.2d 162

In re Lee Henry DOTSON

v.

The STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

1 Div. 681.

Supreme Court of Alabama.

Sept. 30, 1971.

Rehearing Denied Nov. 4, 1971.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for petitioner.

Johnston, Johnston & Kendall, Mobile, for respondent-defendant.

**728**

MADDOX, Justice.

The State of Alabama has petitioned this Court to review the decision of the Court of Criminal Appeals, 47 Ala.App. ——, 265 So.2d 160, which overturned Lee Henry Dotson's conviction and remanded the case to the Circuit Court of Mobile County for a new trial.

█ The Court of Criminal Appeals found that the trial court committed reversible error in admitting into evidence Dotson's confession, the Court stating:

> "The record is devoid of any testimony, conclusionary or detailed, as to Dotson's *stating that he understood* the warnings and waived the right to have counsel present." (Emphasis added).

Review by certiorari of the opinion is sought here under the provisions of Rule 39, as amended, which allow a review in cases involving a question of first impression. The State claims that question is:

> "May a waiver of an accused person's constitutional rights to silence and counsel be shown by the totality of the circumstances under which an incriminating statement is given to law enforcement authorities?"

As we read the opinion of the Court of Criminal Appeals, it decides that an accused cannot waive his right to have his counsel present during interrogation unless he *expressly states* that he understands his rights but nevertheless waives them.

Assuming that the record is devoid of any testimony, conclusionary or detailed, as to Dotson's stating that he understood the *Miranda*[1] warnings and waived the right to have counsel present, does the record have to show, as the Court of Criminal Appeals found, that Dotson expressly *stated* that he understood? We think not.

Although there is language in *Miranda* which suggests that an in-custody interrogation may be conducted properly only upon an express statement by the accused to the effect that he is willing to make a statement and does not want an attorney, we do not understand the basis for a determination of the voluntariness of an in-custody statement to be so narrowly limited. The ultimate test is whether the waiver of the right to silence and to counsel was knowingly, voluntarily and intelligently made. This determination can be deduced from the particular facts and circumstances of each case and need not be determined solely upon the presence or absence of an express statement of certain words. As was said in United States v. Hayes, 385 F.2d 375 (4 Cir., 1967); cert. den., 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968):

> "Appellant is correct in his position that a heavy burden rests upon the government to prove that a person in custody 'knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.' Miranda v. State of Arizona, supra, 384 U.S. at 475, 86 S.Ct. at 1628. However, he is inaccurate when he contends that federal courts apply a talismanic approach in determining whether this burden has been satisfied. Just as the mere signing of a boiler-plate statement to the effect that a defendant is knowingly waiving his rights will not discharge the government's burden, so the mere absence of such a statement will not preclude as a matter of law the possibility of an effective waiver."

> \*   \*   \*   \*   \*   \*

> "Thus, we cannot accept appellant's suggestion that because he did not make a statement—written or oral—that he fully understood and voluntarily waived his rights after admittedly receiving the appropriate warnings, his subsequent answers were automatically rendered inadmissible. Of course, the attendant facts must show clearly and convincingly that he did relinquish his constitutional rights

---

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

knowingly, intelligently and voluntarily, but a statement by the defendant to that effect is not an essential link in the chain of proof."

The rule announced in *Hayes* has been followed in many state and federal decisions. In fact, in Lloyd v. State, 45 Ala. App. 178, 227 So.2d 809 (1969), the Court of Criminal Appeals seemed to approve the rule announced in *Hayes* by quoting from a Maryland case, Anderson v. State, 6 Md.App. 688, 253 A.2d 387, as follows:

"But, as pointed out in United States v. Hayes, 385 F.2d 375 (4th Cir.), an express statement by an accused undergoing custodial interrogation that he understood his Miranda rights and nevertheless wanted to make a statement is not an essential link in the chain of proof of waiver."

Dotson contends that the Court of Criminal Appeals has made a finding of fact that the record is silent on the waiver question and we cannot go the the record to determine whether the Court's finding is correct or not. As we view the matter, however, the opinion is based upon the proposition that the record is devoid of testimony showing that the accused *stated* that he understood the warnings. This finding by the Court does not eliminate the possibility that there is evidence in the record which might show that the State met its burden of proving a knowing and intelligent waiver. As a matter of fact, in footnote 1 of the opinion of the Court of Criminal Appeals, it appears that Dotson selectively refused to answer one of the questions put to him by the interrogators, which, in itself, was some evidence that Dotson understood his rights and voluntarily relinquished them. See State v. Adams, 76 Wash.2d 650, 458 P.2d 558 (1969), wherein the defendant refused to answer certain questions and was held to have exercised selectively his right to remain silent.

A heavy burden rests upon the State to prove that a person in custody "knowingly and intelligently" waived his privilege against self-incrimination and his right to retained or appointed counsel. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Elrod v. State, 281 Ala. 331, 202 So.2d 539 (1967). We do not know whether the record in this case shows that the State met this burden in view of the totality of the circumstances surrounding the making of the in-custody statement. Therefore, we must reverse this cause and remand it to the Court of Criminal Appeals.

Reversed and remanded.

HEFLIN, C. J., and SIMPSON, MERRILL, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

LAWSON and COLEMAN, JJ., dissent.