The indictment charged James Henry Love with the first degree murder of Herman Odell Green by shooting him with a pistol. The jury found the appellant guilty of murder in the second degree and fixed punishment at fifty years imprisonment. From the overruling of appellant's motion for new trial, the appellant prosecutes this appeal.
On September 18, 1972, while parked in front of his mother-in-law's house, appellant shot and killed Herman Odell Green. Appellant pleaded self-defense and testified that on that date he drove to his mother-in-law's residence to obtain clothing which belonged to his daughter by another marriage. He said that he saw his estranged wife, Jean Jones Love, and the deceased engaged in sexual intercourse in the house and that he returned to his car. Furthermore, he stated that soon thereafter the deceased and appellant's mother-in-law approached the car. He stated the deceased carried a paper bag and the mother-in-law carried a butcher knife. He shot and killed the deceased and wounded the mother-in-law at that time.
 I
A former police officer, Rodney L. Burgess, testified that, after he placed appellant in custody, and while enroute to the police station, he advised appellant of his constitutional rights. Another policeman, A.C. Edger, testified that appellant did not make a statement immediately after a Miranda card was read to him, but later that day appellant admitted to the shootings after again being advised of his right to counsel and right to remain silent, and that he did not have to make a statement.
On a voir dire examination to determine the admissibility of his confession, appellant confirmed that, on the morning of his arrest, his Miranda rights were read to him by Officer Edger, and he refused to make a statement at that time. The trial court determined that the statement was admissible because it was made understandingly, knowingly, voluntarily, and intelligently.
Appellant's contention that his statement should not have been admitted into evidence because another full Miranda
warning was not given him prior to the second interview is without merit. A full explanation of his rights had been read to him only six hours earlier, and just prior to the second interview he was again warned of his right to remain silent and to have an attorney. Once the mandate of Miranda has been complied with at the threshold of questioning, it is not necessary to repeat the warnings at the beginning of each successive interview. Gibson v. State, Ala.Crim.App.,347 So.2d 576 (1977).
Appellant's contention that there was no effective express or implied waiver of his Miranda rights is also groundless. The United States Supreme Court recently held that an express waiver of Miranda is not constitutionally required in all cases. North Carolina v. Butler, ___ U.S. ___, 99 S.Ct. 1255,60 L.Ed.2d 286, (1979). Moreover, where the totality of the circumstances indicates that the confession was understandingly, voluntarily, knowingly, and intelligently made, it should not be excluded merely because the accused did not expressly state that he understood his rights or did not sign a written waiver. Sullivan v. State, Ala.Crim.App.,351 So.2d 659, cert. denied, Ex parte Sullivan, Ala., 351 So.2d 665
(1977). *Page 416 
After appellant had been read a Miranda card by Officer Edger, he indicated that he did not want to make a statement without having a lawyer. This exchange revealed that he understood his right to have counsel present during questioning. That appellant made the statement after being advised, yet again, of his right to counsel indicates that he voluntarily relinquished that right. Dotson v. State, 288 Ala. 727, 265 So.2d 162 (1971), on remand, 48 Ala. App. 381,265 So.2d 164, cert. denied, 288 Ala. 742, cert. denied,409 U.S. 1117, 93 S.Ct. 930, 34 L.Ed.2d 701 (1972).
 II
Appellant also argued that it was error for the trial court to allow the jury to hear testimony that appellant fired shots at his mother-in-law and wife immediately after he shot the deceased. While evidence of offenses separate from that for which a person is being tried is normally inadmissible, where, as here, the offenses occur within one continuous transaction, evidence of their commission by the accused is admissible.Johnson v. State, Ala.Crim.App., 355 So.2d 1160 (1978); Gamble,McElroy on Evidence, § 69.01 (3) (3d Ed. 1977).
This record being free of error, the case is due to be
AFFIRMED.
All the Judges concur. *Page 825