Petitioner seeks our review by writ of certiorari of the decision of the Court of Criminal Appeals, 373 So.2d 1149, affirming his conviction and sentence. Petitioner was convicted of robbery during the course of which the victim was intentionally killed. Punishment was set at death by electrocution. We affirm.
The facts are set out in the Court of Criminal Appeals' opinion. Petitioner seeks review on four issues: (1) the unconstitutionality of the Alabama Death Penalty Statute; (2) the inadmissibility of petitioner's confession; (3) the bias and partiality of a juror; and (4) the impropriety of a portion of the district attorney's closing argument to the jury. We proceed to consider these issues seriatim.
The constitutional argument raises the same points addressed and rejected by this Court in Jacobs v. State, 361 So.2d 640
(Ala. 1978), cert. denied, ___ U.S. ___, 99 S.Ct. 1034,59 L.Ed.2d 83 (1979). We see no need to discuss further those points at this time as we continue to adhere to the views there expressed by a majority of this Court.
Next, petitioner contends that it was error for the trial court to allow his confession to be admitted into evidence because the interrogating officer did not inform petitioner that he might receive the death penalty as punishment. It is contended that the failure to spell out the potential punishment misled petitioner into confessing, and the fact that petitioner was subject to several other prison terms, and would, in all probability, spend the rest of his life behind bars, acted as an inducement to his confession in this case.
In other words, petitioner would have us engraft onto theMiranda predicate an additional requirement that the defendant be advised of the punishment which he might suffer upon conviction.
The oft-stated rule in Alabama is that a confession is primafacie involuntary and inadmissible, and the state must show voluntariness and a Miranda predicate in order to admit it.Lewis v. State, 295 Ala. 350, 329 So.2d 599 (1976). Whether there was a waiver of the right to silence and to counsel and whether it was knowingly, voluntarily and intelligently made must be deduced from the particular facts and circumstances of each case. Wright v. State, 340 So.2d 74 (Ala. 1976); Dotson v.State, 288 Ala. 727, 265 So.2d 162 (1971), cert. denied,409 U.S. 1117, 93 S.Ct. 930, 34 L.Ed.2d 701 (1973).
If the accused is made aware of his right to remain silent and to have counsel, and makes a knowing and voluntary waiver of those rights, from all the facts and circumstances, the requirements of Miranda are fulfilled. Knowledge of the punishment which might be imposed is not a prerequisite to a waiver of constitutional *Page 1169 
rights. United States v. Hall, 396 F.2d 841 (4th Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 248, 21 L.Ed.2d 205 (1968). As stated in Hall, supra, regarding the decision to give up the right to silence and to counsel,
 "[T]he test is not whether [the accused] made an intelligent decision in the sense that it was wise or smart to admit his participation in the crime, but whether his decision was made with the full understanding that he need say nothing at all and that he might then consult with a lawyer if he so desired."
396 F.2d at 846. Accord, Harris v. Riddle, 551 F.2d 936 (4th Cir.), cert. denied, 434 U.S. 849, 98 S.Ct. 160, 54 L.Ed.2d 118
(1977).
The Court of Criminal Appeals found that "a full Miranda
warning was given the [petitioner], and there was no improper influence, threats, intimidation, coercive factors, or other inducement made to obtain the statement." Therefore, we must conclude there was no error in admitting the confession.
Petitioner's next assertion of error concerns the overruling by the trial court of his challenge for cause of one of the jurors, a Mr. Smith. The exchange between the trial judge, the trial attorneys, and Mr. Smith is set out in the opinion of the Court of Criminal Appeals. Mr. Smith initially indicated that he would probably find the petitioner guilty despite the presence of a reasonable doubt as to intent to kill, if the state had proven that petitioner had committed the robbery and the killing. Mr. Smith based this statement on his strong personal feelings about murder in general, due to some occurrences within his own family. The district attorney and the trial judge then explained that intent to kill is one of the elements of the offense. Mr. Smith then responded that he would require the state to prove intent beyond a reasonable doubt.
The ground for challenge for cause in the instant case is not one of the grounds listed in Code 1975, § 12-16-150. Mr. Smith did not exhibit a fixed opinion as to the guilt or innocence of the petitioner which would bias his verdict. Therefore, the ground for challenge must rest on the common law.
When a common law ground is at issue, there must be a showing of absolute bias leaving nothing to the discretion of the trial court, or there must be a mixed question of law and fact to be determined by the trial court exercising its sound discretion.Mullis v. State, 258 Ala. 309, 62 So.2d 451 (1952). We find that this case presents a matter within the discretion of the trial court.
Where a juror indicates he has personal opinions or scruples regarding the subject matter of the case, he will not be rendered incompetent thereby if he indicates that he will try the case fairly and impartially according to the evidence.Tidmore v. City of Birmingham, 356 So.2d 231 (Ala.Cr.App. 1977), cert. denied, 356 So.2d 234 (Ala. 1978). Mr. Smith stated that he would require the state to prove intent beyond a reasonable doubt, despite his personal feelings. We find no abuse of discretion by the trial court in overruling the challenge for cause.
The final contention advanced by petitioner is that the trial court erred in overruling an objection by petitioner's counsel to remarks made by the district attorney in closing argument to the jury. The record of this exchange is fragmentary. In his objection, counsel for petitioner described the objectionable remark by stating "now he's talking about the number of years until parole." We cannot tell from this statement what the district attorney actually said.
This fragmentary objection does not meet the requirements for preservation of error on appeal. The remarks objected to should be fully or substantially quoted in the objection. McClary v.State, 291 Ala. 481, 282 So.2d 384 (1973). Without the objectionable statement being placed in the record, the appellate courts have nothing to review. Birmingham SouthernRailroad v. McDonald, 339 So.2d 1004 (Ala. 1976).
We have examined the record and find no "plain error or defect in the proceeding under review" which has or probably has adversely affected the substantial rights of *Page 1170 
the petitioner. Rule 39 (k), A.R.A.P. It is thus that the decision of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES and BEATTY, JJ., concur in the result.