I would affirm the Court of Criminal Appeals. That Court found that ". . . an examination of Mrs. Gore's answers on voir dire reveals `an emphatically held opinion against capital punishment and a commitment against returning a guilty verdict in a capital case.'"
I would uphold the determination by the trial judge, affirmed by the Court of Criminal Appeals, that Mrs. Gore was disqualified for cause under the Witherspoon doctrine. If I understand her answers, she stated she would not impose the death penalty. Here's the closing colloquy:
 "MR. COOK: May it please the Court, Mrs. Gore, you say that you have a fixed opinion against capital punishment and I apologize for singling you out in this case, but it is very important in this case and I am sure you realize that. Are you saying that you would never under any circumstances and in any case whatever return a death penalty?
"JUROR: I am afraid I wouldn't.
 "MR. COOK: You would not no matter what the circumstances or what has been involved or are you just saying that you would rather not do that?
 "JUROR: I had rather not. I mean, I wouldn't say that I wouldn't but I would rather not.
 "MR. COOK: But you do say, if the case were bad enough you might return a verdict of death?
 "JUROR: I just don't know how I would want to answer that, but I would hate to be responsible for that.
 "MR. COOK: Yes, ma'am, but you understand this case involves that?
"JUROR: Yes, I do. *Page 848 
 "MR. COOK: And you are saying that you could not and would not? Tell us now.
"JUROR: I don't believe I would. No."
(Emphasis added.)
Whether Mrs. Gore was disqualified was a mixed question of law and fact, and today, this Court held that determining challenges for cause is a matter within the "discretion of the trial court." Ex parte Thomas, 373 So.2d 1167 (Ala. 1979). The juror in Thomas was held to be qualified because he finally stated he could try the issues fairly and impartially. The juror here was equivocal at one point, just as the juror inThomas, but when pressed for a final answer, she stated that she "would not" impose the death penalty. I voted to uphold the trial judge's discretion in Thomas; I vote to uphold the trial judge's discretion here, because I think juror Gore finally
stated that she would not impose the death penalty. UnderWitherspoon, that is disqualifying.
I also disagree with the majority in holding that the sentence cannot stand because the sentencing judge found, as an aggravating circumstance, that the capital felony was committed for pecuniary gain. Even assuming the intentional killing was not committed here for the purpose of getting "pecuniary gain," I would affirm. § 13-11-4 only requires that the sentencing judge find "one or more of the aggravating circumstances." (Emphasis added). See my special concurrence in Ex parte Cook,369 So.2d 1251, 1259 (Ala. 1979).