BOOKOUT, Judge,
concurring specially:
I
The question is still close as to whether there was a compliance with Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Some of Mrs. Gore’s testimony appears to be contradictory; however, taking it as a whole, I conclude that she held a fixed opinion against the death penalty to the degree that she would have automatically voted against its imposition regardless of the evidence presented in the case. While her testimony is not completely unequivocal, it nevertheless appears to meet the bare minimum standards of Witherspoon, supra.
II
I agree with the majority as to which aggravating circumstances may or may not be considered in this case. I find (2) and (4) to be proper and would sustain the sentence imposed. Likewise, the decision is correct in that (1) and (3), supra, may not be used as aggravating circumstances in a capital robbery case. This court has so held in at least one prior case. Keller v. State, Ala.Cr.App., 380 So.2d 926 [1979] and Nelson v. State, Ala.Cr.App., Ms. 6 Div. 944, Feb. 26, 1980, 405 So.2d 392.
To me, it is impermissible in a capital robbery case to find as an aggravating circumstance that the capital felony was committed in the course of a robbery. Here, the basic crime charged is robbery, and the circumstance which elevates it to a capital felony is the intentional killing. To say that the crime of “robbery . . . when the victim is intentionally killed by the defendant” is aggravated by being committed in the course of a robbery is condemning the defendant twice for the same act — robbery or stealing money.
In my opinion the same rationale expressed in Cooke v. State, Ala., 369 So.2d 1251 (1979), applies to the instant circumstance. There, the Alabama Supreme Court declared that “pecuniary gain” could not be used as an aggravating circumstance where the charge is capital robbery because the defendant would be condemned twice for the same act — stealing money. In other words, pecuniary gain is a circumstance of every robbery. Likewise, every capital robbery occurs during the commission or attempt to commit robbery. Since robbery or attempted robbery is an element of every capital robbery case, it could not logically be considered as an aggravating circumstance of the latter. The same reasoning is set out in my concurring opinion in Morrison v. State, Ala.Cr.App., 398 So.2d 730 [1979], and in Johnson v. State, Ala.Cr.App., 378 So.2d 1164 [1979]. I likewise wrote to the same aggravating circumstance in a special concurrence in Thomas v. State, Ala.Cr.App., 373 So.2d 1149, 1160 (1979).
Morrison, supra, is now pending in the Alabama Supreme Court on certiorari. In Johnson, supra, the Alabama Supreme Court affirmed in part, but reversed in part and remanded with directions to this court to order a rehearing in the circuit court concerning another aggravating circumstance (Ala., 378 So.2d 1173 [1979]). In Thomas, supra, the Alabama Supreme Court affirmed this court, but failed to write to the issue of whether robbery can be used as an aggravating circumstance in a capital robbery case (Ala., 373 So.2d 1167).
Ill
Assuming that one aggravating circumstance listed by the trial court is valid, but others listed are invalid, this court is faced with a quandary. The capital felony stat *853 ute requires a finding of only one aggravating circumstance to validate the imposition of the death penalty. Section 13-11-4(1), Code of Ala.1975. In Mack v. State, Ala.Cr.App., 375 So.2d 476 (1978), a majority of this court affirmed the death sentence where only one aggravating circumstance listed was anywhere near one of the circumstances set out in the capital felony statute. Several other circumstances listed by the trial court were not even found in the statute, but a majority of the Alabama Supreme Court summarily affirmed (375 So.2d 504 (1979)). Yet, in the Johnson case, supra, where at least two aggravating circumstances were valid and one was found to be invalid by the Alabama Supreme Court, a remandment to the circuit court for a new sentencing hearing was mandated. I am therefore uncertain as to what action this court should take where we find at least one valid aggravating circumstance and at least one invalid aggravating circumstance. As the latest expression of the Alabama Supreme Court in this area appears to be Johnson, supra, I assume that the proper course for this court to take would be “to order a rehearing in the circuit court for the purpose of sentencing.”
TYSON, J., joins in the above.