ON REHEARING
I
The appellant’s counsel submits to this court a petition requesting that additional facts be stated as to several of the issues which were considered and decided by this court in its original opinion.
We are of the view that sufficient facts were set forth in our opinion and the positions of the parties as to the issues involved *169 were appropriately stated so that appellant’s motion in this regard is denied.
II
Appellant’s counsel challenges the admission into evidence of the appellant’s fingernail scrapings, hair samples, saliva sample, pubic hair, and undershorts.
The appellant also asserts that there was an insufficient Miranda warning, and, further, that these items, together with any statements made by the appellant at the time of this initial questioning on July 30, 1979, should not be admitted because the officer knew the appellant was represented by counsel and yet proceeded to interrogate him without contacting his attorney.
Our examination of the record reveals that Detective Davis indicated that he used a “standard Miranda rights card,” and that the appellant indicated he understood these rights before questioning. Further, the appellant was not arrested and taken into custody until the following Thursday and had voluntarily accompanied the officers to the police station on the occasion of this initial questioning.
This court has considered the totality of the circumstances and believes these matters were properly admitted into evidence by the trial court. Thomas v. State, Ala.Cr.App., 373 So.2d 1149, affirmed, Ala., 373 So.2d 1167 (1979); Coon v. State, Ala.Cr.App., 380 So.2d 980 (1979), affirmed, Ala., 380 So.2d 990 (1980).
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur.