On September 28, 1982, the Mobile County Grand Jury indicted Evelyn Keller Marschke, appellant, for possession of pentazocine, a controlled substance. Trial was held on January 26, 1983; appellant was found guilty as charged and was sentenced to fifteen years in the state penitentiary.
Deputy James Wyatt, an undercover narcotics officer for the Mobile County Sheriff's *Page 178 
Department, testified that he received information that appellant was smuggling drugs into the penitentiary for her son. On August 19, 1982, acting on this information, he made three telephone calls to appellant at her residence, all of which were recorded and presented in court as evidence. During the last conversation appellant agreed to meet Deputy Wyatt at a McDonald's Restaurant.
Deputy Wyatt and three other police officers set up surveillance at the McDonald's Restaurant. When appellant arrived, Deputy Wyatt walked up to the automobile, talked with appellant a few minutes, handed her a clear plastic bag containing one hundred pentazocine tablets, talked with her a minute more and left. Deputy Wyatt testified that during this time appellant confirmed that either she or her son's girl friend would get the drugs into the penitentiary.
Officer Mike Roland testified that the total time for the transaction between Deputy Wyatt and Mrs. Marschke was five minutes or less. As Deputy Wyatt left appellant's car the surveillance team came out of McDonald's and arrested the appellant. After she was informed that she was under arrest, her purse was opened and the officers found one hundred pentazocine tablets. In the McDonald's parking lot, Officer Roland read the appellant her Miranda rights from his card. He stated that she appeared to be sober, was coherent and agreed, without inducements or threats, to answer his questions without an attorney being present. Appellant then related two versions of the events leading to her arrest. She first reported that a stranger ran by her car and threw the bag of pills in the window. Then she said that a fellow named Mark came up, leaned in the window and talked with her before he tossed the pills in.
Appellant testified that she had no knowledge that the package she was to deliver to the penitentiary would contain illegal drugs. She also testified that her Miranda rights were never read to her, and that at the time of her arrest she suffered from angina and was very upset.
Appellant raises two issues on appeal. First, appellant contends that the trial court erred in its determination that appellant's statements to arresting officers were voluntarily made.
It is a well settled rule of law in Alabama that a statement made subsequent to arrest is prima facie involuntary and inadmissible at trial. The state must demonstrate voluntariness and a Miranda predicate in order to get admission of the statement. Thomas v. State, 373 So.2d 1167 (Ala. 1979); Lewisv. State, 295 Ala. 350, 329 So.2d 599 (1976). Whether there was a waiver of the right to silence and to counsel and whether it was knowingly, voluntarily and intelligently made must necessarily be determined from the facts and circumstances surrounding a particular case. Sullivan v. Alabama,666 F.2d 478 (11th Cir. 1982); Wright v. State, 340 So.2d 74 (Ala. 1976); Dotson v. State, 288 Ala. 727, 265 So.2d 162 (1971), cert. denied, 409 U.S. 1117, 93 S.Ct. 930, 34 L.Ed.2d 701
(1973). The voluntariness of a statement is a question of law for the court to be determined upon preliminary proof, taken outside the presence of the jury, and such finding will not be disturbed on appeal unless it appears contrary to the great weight of the evidence, or is manifestly wrong. Balentine v.State, 339 So.2d 1063 (Ala.Cr.App.) cert. denied,339 So.2d 1070 (Ala. 1976); Daniels v. State, 53 Ala. App. 666,303 So.2d 166 (1974); Stewart v. State, 49 Ala. App. 681, 275 So.2d 360
(1973). Where evidence of the circumstances surrounding the defendant's statement is conflicting on voir dire, if the trial court allows the statement to be admitted, then the controverted testimony for the defendant must go to the jury on its credibility. Taylor v. State, 337 So.2d 1368 (Ala.Cr.App. 1976); Godfrey v. State, 333 So.2d 182 (Ala.Cr.App. 1976).
In this case, the trial court held appellant's statement to be voluntary and admissible, and her testimony to the contrary was submitted to the jury. The trial court's decision was not contrary to the *Page 179 
great weight of the evidence and we find no error.
Appellant next contends that the trial court erred in refusing to give one of defendant's requested written charges. Appellant, however, made no objection to the oral jury charge, and the correctness of the trial court's oral charge cannot be challenged for the first time on appeal. Jackson v. State,375 So.2d 558 (Ala.Cr.App. 1979); Hafley v. State, 342 So.2d 408
(Ala.Cr.App. 1976) cert. denied, Ex parte Hafley, 342 So.2d 412
(Ala. 1977); Cox v. State, 280 Ala. 318, 193 So.2d 759 (1967).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.