329 So.2d 599

**In re Winston LEWIS**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama.**

**SC 1528.**

Supreme Court of Alabama.
March 26, 1976.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

No brief for the defendant.

BLOODWORTH, Justice.

This case comes to us by way of petition for writ of certiorari which we granted to review the decision of the Court of Criminal Appeals in 57 Ala.App. 545, 329 So.2d 596, 1 Div. 553.

We perceive the question presented to us by this case to be:

"Is it reversible error for a trial judge (who has already determined the admis-sibility of a confession or inculpatory statement en camera) to permit the statement to be presented to the jury, over defendant's objection, without first requiring the state to lay the 'Miranda'[1] and 'voluntariness' predicates before the jury?"

We answer in the affirmative and affirm the Court of Criminal Appeals.

Our Alabama cases follow the "Orthodox Rule" to the effect that the question as to the admissibility of a confession addresses itself to the judge and that the credibility and weight to be given a confession are matters exclusively for the jury. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Duncan v. State*, 278 Ala. 145, 176 So.2d 840 (1965); *Johnson v. State*, 242 Ala. 278, 5 So.2d 632 (1941).

Our Alabama cases have long held:

"And after the confessions have been admitted, *the jury may consider the circumstances under which the confessions were obtained*, and the appliances by which they were elicited, including the situation and mutual relation of the parties, *in exercising their exclusive prerogative of determining* the *credibility* of the evidence, or the *weight* to which it is properly entitled in controlling the formation of the verdict. *Redd v. State*, 69 Ala. 255." [Emphasis supplied.]

*Johnson v. State*, 242 Ala. at 282, 5 So.2d at 635.

Prior to *Jackson v. Denno*, supra, the Alabama practice was to offer the predicate as to voluntariness to the judge and jury at the same time. As Mr. Justice Lawson (the author of the opinion) comments in *Duncan*, it was rare to find a record in which a request was made for the judge to first hear the predicate en camera. 278 Ala. at 163, 176 So.2d at 857.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

After *Jackson v. Denno,* this Court held in *Duncan*:

"We are clear to the conclusion that whenever a motion is made for the question of the voluntariness of the confession to be determined outside the presence of the jury, the motion should be granted. In such a hearing, the trial judge sitting alone should make a determination upon a proper record of the issue of voluntariness. . . . *If the confession is held voluntary and admitted,* the jury's consideration of that confession and surrounding circumstances shall proceed in accordance with the 'Orthodox' procedure, that is, *the jury considers the voluntariness as affecting the weight or credibility of the confession."* [Emphasis supplied.]

278 Ala. at 165, 176 So.2d at 859.

This is exactly what is suggested by the U. S. Supreme Court in the opinion in *Jackson v. Denno,* supra, in Note 13:

"The question of the credibility of a confession, as distinguished from its admissibility, is submitted to the jury in jurisdictions following the orthodox Massachusetts, or New York procedure. *Since the evidence surrounding the making of a confession bears on its credibility, such evidence is presented to the jury under the orthodox rule* not on the issue of voluntariness or competency of the confession, but *on the issue of its weight.* Just as questions of admissibility of evidence are traditionally for the court, *questions of credibility,* whether of a witness or a confession, *are for the jury.* This is so because trial courts do not direct a verdict against the defendant on issues involving credibility. Nothing in this opinion, of course, touches upon these ordinary rules of evidence relating to impeachment.

"A finding that the confession is voluntary prior to admission no more affects the instructions on or the jury's view of the reliability of the confession than a finding in a preliminary hearing that evidence was not obtained by an illegal search affects the instructions on or the jury's view of the probativeness of this evidence." [Emphasis supplied.]

378 U.S. at 386–87, 84 S.Ct. at 1786, 12 L. Ed.2d at 921.

Under the rationale of these decisions, how can the jury consider "the voluntariness as affecting the weight or credibility of the confession" unless the state presents evidence as to the "Miranda" and "voluntariness" predicates to the jury? The answer seems to us to be self-evident, assuming, of course, that seasonable and proper objection is made by defendant, if such evidence is not presented by the state before a confession or inculpatory statement is offered. This, for the reason that defense counsel may decide for reasons of trial strategy it would not be desirable, from defendant's standpoint, to rehash this evidence before the jury. See *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L. Ed.2d 408 (1965).

■ The Mississippi Supreme Court, in *Rhone v. State,* 254 So.2d 750 (Miss.1971), wrote that after the court [in an out-of-court hearing] had "found that the confession was competent evidence *it allowed the state, over the objection of the defendant, to introduce a confession into evidence without showing that the confession had been freely and voluntarily given.* When the defendant sought by cross examination of the witness relative to the circumstances surrounding the giving of the confession, the court sustained objections by the state and refused to allow the defendant to fully show the circumstances surrounding the giving of the confession." [Emphasis supplied.] *Id.* at 754.

The court then held, viz:

". . . It was the opinion of the trial judge that since the court had held the confession was competent evidence, the only thing that defendant could show was that the confession was not true.

In so holding the court was in error. It has long been the law of this state, that before a confession can be received in evidence, it must be shown to be competent in that it was freely and voluntarily given. This is a legal question to be determined by the court on a preliminary investigation out of the presence of the jury. If, after hearing all the testimony pertinent to the inquiry, the court is satisfied beyond a reasonable doubt that the confession was freely and voluntarily given, it becomes competent evidence. However, after a confession has been held by the court to be competent evidence either party has a right to introduce before the jury the same evidence which was submitted on the preliminary inquiry as well as any other evidence relative to the weight and credibility of the confession. The jury does not pass upon the competency of the confession, but the jury does pass upon the weight and credibility of the confession."

*Id.* Although strictly speaking *Rhone* merely stands for the proposition that a defendant should be allowed to introduce evidence of "involuntariness" before a confession is shown to the jury, we think it infers that the state should show the voluntariness to the jury. Any other conclusion misconceives the law and burden of proof. Under Alabama law, a confession is prima facie involuntary and inadmissible. The burden is on the state to rebut that presumption and show its "voluntariness" and that the "Miranda" predicate was laid in order to admit it. True, the trial judge makes a preliminary determination of admissibility but the jury is still left with its duty to consider "voluntariness as affecting the weight or credibility of the confession." *Duncan,* supra. To do that, it must hear at least a "bare bones" voluntariness and Miranda predicate. To hold otherwise would shift the burden to the defendant to show these matters to the jury.

The Iowa Supreme Court in *State v. Holland,* 258 Iowa 206, 138 N.W.2d 86

(1965), stated that we conceive the correct rule to be:

"We note that *after the trial court ruled* the confessions were admissible and they were received in evidence before the jury, *testimony was again admitted as to their voluntary character. It was proper to do this,* not to permit the jury again to pass upon their admissibility —that had been properly determined by the court—but *as bearing upon the weight to be accorded them and the credibility of the witnesses who testified regarding the confessions. . . .*

"Our approval of the procedure used here is in accord with the view of both the *Wisconsin* and *Michigan* courts in approving the so-called 'orthodox' over the 'Massachusetts' method of determining the question of voluntariness. . . . [Citations omitted.]" [Emphasis supplied.]

*Id.* at 214, 138 N.W.2d at 91.

We think that the dissent has misconceived the question. The issue to the jury is *not admissibility.* That has already been determined by the judge en camera.

We believe that the dissent also misconceives the rule of law in our State respecting confessions. It is not, as the dissent suggests, "At the defendant's insistance, [that] the State must first overcome the presumption against voluntariness en camera." Our rule is that a confession is prima facie involuntary and inadmissible and its voluntariness must be shown by the state. There is no requirement that it must be "At the defendant's insistance."

Again, we believe that the dissent has misconceived the nature and purpose of defendant's objection to the confession when the inculpatory statement was offered and defendant's counsel stated that "No proper predicate" was laid. The purpose of the objection was not, as the dissent suggests, "to preserve for review the trial Court's ruling on admissibility." That purpose had

already been served by defendant's objections en camera. Defendant does not have to repeat the objection to preserve for review the question of admissibility. It is obvious that the reason for the objection was, as we suggest, to require the state to do, what is necessary for it to do, to show to the jury evidence for the jury's consideration of "the voluntariness as affecting the weight or credibility of the confession." *Duncan,* supra.

We do not overturn, as the dissent suggests we do, "the traditional distinction between *admissibility* and *credibility*," rather we follow that which we believe to be the prevailing practice which the circuit judges of Alabama have followed for years.

AFFIRMED.

HEFLIN, C. J., and MERRILL, FAULKNER, ALMON, SHORES, and EMBRY, JJ., concur.

MADDOX and JONES, JJ., dissent.

MADDOX, Justice (dissenting).

It appears to me that the majority has given the defendant the best of two worlds. He was allowed to object when the state attempted to lay a predicate before the jury, which he had a right to do under *Jackson v. Denno,* saying "Judge, that [admissibility] is not a jury issue," and now the majority permits him to object on the ground that the state did not show the predicate to the jury. If Lewis had been refused permission to cross-examine the state's witnesses before the jury on the voluntariness of the statement, as happened in the Mississippi case, *Rhone v. State,* relied on so strongly by the majority, I would agree with the majority, because a defendant has a right to cross-examine the witnesses relative to the circumstances surrounding the giving of the confession.

The record here, however, shows that defendant's lawyer had this right of cross-examination, not once, but three times—on a motion to suppress hearing, at the *Jackson v. Denno* hearing, and again before the jury. In fact, cross-examination of the officers concerning the circumstances surrounding the statement by Lewis makes up a substantial portion of the record on appeal.

The majority "infers" that *Rhone* [the Mississippi case] stands for the proposition that "the *state* should show the voluntariness to the jury." How the majority can make such an inference in view of the plain language of *Rhone* escapes me. I set out and underline portions of the *Rhone* opinion which convinces me that the majority makes what, I believe, is an incorrect inference.

"After the court found that the confession was competent evidence it allowed the state, over the objection of the defendant, to introduce a confession into evidence without showing that the confession had been freely and voluntarily given. When the *defendant sought by cross examination of the witness* relative to the circumstances surrounding the giving of the confession, *the court sustained objections by the state and refused to allow the defendant to fully show the circumstances surrounding the giving of the confession.* It was the opinion of the trial judge that since the court had held the confession was competent evidence, *the only thing that defendant could show was that the confession was not true. In so holding the court was in error.* It has long been the law of this state, that before a confession can be received in evidence, it must be shown to be competent in that it was freely and voluntarily given. This is a legal question to be determined by the court on a preliminary investigation out of the presence of the jury. *If, after hearing all the testimony pertinent to the inquiry, the court is satisfied beyond a reasonable doubt that the confession was freely and voluntarily given, it becomes competent evidence.* However, after a confession has been held by the court to

be competent evidence *either party* has a right to introduce before the jury the same evidence which was submitted on the preliminary inquiry as well as any other evidence relative to the weight and credibility of the confession. *The jury does not pass upon the competency of the confession,* but the jury does pass upon the weight and credibility of the confession. The jury has the same freedom of action in relation to confessions which they have in regard to other testimony. In the case before us, *the court refused to allow the appellant to fully show the circumstances surrounding the giving of the confession, although counsel for the appellant made a valiant effort to get this evidence before the jury. This effectively deprived the appellant of a valuable right and was reversible error.*" [Emphasis added.]

It is clear to me that the Court in *Rhone,* reversed the case because the defendant was refused permission to cross-examine witnesses and show the circumstances surrounding the giving of the confession. In this, I agree with *Rhone's* holding.

Another point in the majority opinion bothers me. The Court of Criminal Appeals' opinion, and the majority opinion, states that the state must show that the *Miranda* warnings were given. The opinion of the Court of Criminal Appeals erroneously states that this was not done. The majority holds that the state must show a *Miranda* warning.

In any event, the state showed a *Miranda* warning in this case. The record shows:

"BY MR. KULAKOWSKI:

Q Now, Officer Seals, on March 18, 1974, you testified that you had made a search of the apartment at 269 Rickarby Street, here in Mobile County.

I will ask you, after the capsules of white substance were found in the bedroom, and after the defendant Winston Lewis was brought back by Officer Calhoun and Officer Orso after he jumped out the window, I will ask you then if you placed them under arrest?

A Yes; I did.

Q Okay. Were they then advised of their Constitutional rights?

A Yes."

Dean Wigmore, in his work Wigmore on Evidence, § 861, Vol. III, (1970), discusses the point here involved, as follows:

"Judge and jury; whether the confession is voluntary is a question for the judge. (a) The admissibility of the confession, as affected by the foregoing rules, is a *question for the judge,* on elementary principles defining the functions of judge and jury. . . . This orthodox principle is recognized in a substantial number of jurisdictions. [Alabama is listed as one of these jurisdictions.]

"But in comparatively recent times the heresy of leaving the question to the jury has made rapid strides.

"To say that it is a question for the jury may mean one of two things. It may mean that the confession goes in any case to the jury to accept or to reject or to give such weight as the jury chooses; this practically abolishes all the foregoing limitations. But it may, and commonly does, mean that the jury may be allowed to *measure it by the foregoing legal tests,* and to reject it as a judge would if the tests are not fulfilled. This is decidedly improper; first, because it makes abject surrender of the fixed principle that all questions of admissibility are questions of law for the judge only; secondly, because the confession rules do not attempt to measure the ultimate value of a given confession, and the tribunal which is to weigh all evidence finally ought not to be artificially hampered by them; thirdly, because the jury is not familiar enough with them to

attempt to employ them. Nevertheless, many courts today hold that, after the judge has applied the rules and admitted the confession, the jury are to apply them again, and *by that test* may reject it. This unpractical heresy fails to appreciate the elementary canon of admissibility and in that aspect its judicial extension has been a discouraging circumstance."

The defendant is entitled to have the trial court charge the jury on the law relative to confession; he is allowed to cross-examine witnesses and present evidence touching the issue of voluntariness of a confession, but he is not entitled, in my judgment, to object to the state's initial offer of a predicate, force an en camera hearing, and then insist that the state must show before the jury that the statement was *admissible*, because as defendant's counsel here stated, when the state started to prove the predicate, "Judge, that is not a jury issue." I agree with him. Admissibility is not a jury issue.

JONES, Justice (dissenting):

I respectfully dissent. I would state the issue thusly: Must the State in a criminal prosecution, as a predicate to admissibility, prove the voluntariness of a confession and the existence of a *Miranda* warning in the presence of the jury after it has successfully established voluntariness and *Miranda* warnings to the trial Judge en camera?

By affirming the Court of Criminal Appeals' reversal of the conviction in this case, the majority of this Court has overturned the traditional distinction between *admissibility* and *credibility* of a confession; and, by destroying this distinction, Alabama now stands alone, as far as I can determine, in fashioning a hybrid rule for admissibility of confessions: At the defendant's insistence, the State must first overcome the presumption against voluntariness en camera and then this predicate to admissibility must again be proved be-

fore the jury. The majority says that such proof the second time around is in order for the jury to weigh its credibility; but *admissibility*, not *credibility*, is the only issue raised by the objection (grounded on lack of proper predicate) at the time the confession is offered into evidence before the jury.

While its utility may be of doubtful value in the context of a dissenting opinion, it is at least interesting to review briefly the legal and factual background against which the dispositive question in this appeal arose. A good beginning is the excellent statement of the rule in the early case of *Redd v. State*, 69 Ala. 255:

"It is a well established maxim of the law, that the *admissibility* of evidence is always a question to be determined by the court, and its *weight* or *credibility* is for the determination of the jury. It is for the court, therefore, to say whether the confessions of a prisoner are *voluntary* or *involuntary*, and this question being judicially settled can not be reviewed by the jury. Hence a charge is erroneous which submits to them the decision of this legal question, and should for that reason, be refused.

.     .     .     .     .     .

"There is no conflict whatever between this principle and the further one, which is equally well settled, that after the confessions, in a given case, have been admitted, the jury may consider the circumstances under which the confessions were obtained, and the appliances by which they were elicited, including the situation and mutual relation of the parties, in exercising their exclusive prerogative of determining the credibility of the evidence, or the weight to which it is properly entitled in controlling the formation of the verdict . . . . ."

Under this so-called orthodox rule, the admissibility-credibility distinction was preserved through instruction to the jury

since the voluntariness predicate—though invoking a pure legal ruling on admissibility—was taken before the jury in the same manner as all other proof. Subsequent federal case law development (notably *Miranda* and *Jackson*) added two constitutional dimensions to Alabama's "presumption against voluntariness" rule: First, additional rights were included in the warning (e. g., right of counsel); and, second en camera proceedings were required to insure against irradicable prejudice to the defendant in the event the predicate was ruled legally insufficient to admit the confession into evidence.

In the pre-preliminary inquiry era, then the defendant could not avail himself of the involuntariness presumption · without necessarily casting on the state the burden of proving to the Court and before the jury, as a predicate to the admission of the confession, the circumstance under which the confession was obtained. The presentation of this predicate before the jury was purely incidental to the pre-*Jackson* single proceeding which then existed. While the Jury's limited prerogative to weigh the confession and its attendant circumstances, and not to judge its competence, was carefully circumscribed by thorough instructions, this single proceeding ·system forced the defendant to risk dual prejudice: First, the jury heard confession evidence prior to a competence ruling by the Court; and, second, and just as potentially prejudicial, the confession may be given undue emphasis and weight by the State's compliance with the predicate requirement. *Jackson*'s en camera requisite cured the first problem. , Before we proceed with an analysis of the second point, a brief statement of the factual context of the instant review may be helpful.

The record shows that the defendant, at the first hint of the State's offer of a predicate for the admission of the confession, objected on the ground that this was a matter for the Court, not for the jury. Acting upon this appropriate objection, and the State's concurrence therein, the trial Court then recessed the jury and heard testimony en camera on the voluntariness issue for two hours. After holding the confession competent, the trial Court reconvened the jury and the State offered the defendant's confession. Defendant again objected to its admission before the jury on the stated ground that the proper predicate had not been laid.

The purpose of the objection at this point was in the exercise of abundance of precaution to preserve for review the trial Court's ruling on admissibility; that is, the defendant did not want to risk his failure to object as constituting a waiver of his previous objection. The trial Court's ruling, consistent with his en camera indication, was a statement for the record in the main proceeding upholding the legal competency of the confession.

The majority opinion holds that the trial Court erred in not sustaining this objection. Thus, this enigma: Does the majority mean that the trial Court should have changed its mind and ruled differently than earlier indicated en camera? Or, should the trial Court have shared its admissibility prerogative with the jury? Actually, it is not the intent of the majority to do either; but I have posed this alternative inquiry to make a point. The majority opinion states: "Under the rationale of [*Duncan* & *Jackson*], how can the jury consider 'the voluntariness as affecting the weight or credibility of the confession' unless the state presents evidence as to the 'Miranda' and 'voluntariness' predicates to the jury?" This presupposes one of two things: Either the defendant will invariably prefer to have the State prove before the jury the circumstances surrounding the confession; or, by objecting, the defendant can preclude such proof. The first condition is ruled out, and rightly so, by the majority's observation "that defense counsel may decide for

**358**

reasons of trial strategy it would not be desirable, from defendant's standpoint, to rehash this evidence before the jury."

We now look at the second supposition that the defendant, by timely objection, may preclude the State from bolstering the confession by showing the surrounding circumstances. If it is error for the trial Court to overrule Defendant objection to the introduction of the confession on the ground of lack of the voluntariness predicate, how, then, could it be error to overrule the defendant's object to the State's offer of such proof. If this predicate can be insisted upon by the defendant, then surely the State would have the right to make such proof over the defendant's objection. A contrary conclusion would produce the oddity of rendering either choice (to prove or not to prove the predicate) subject to the objection by the defendant.

I will now make a final point in the context of a comment on the Mississippi (*Rhone*) and Iowa (*Holland*) cases cited by the majority. Neither of these cases addresses itself to the issue before us. Surely, there should be no question in anyone's mind that the defendant has the unqualified right to attack the credibility of a confession ruled competent by the Court and admitted into evidence before the jury. Neither case held (or addressed by way of dictum) whether the trial Court would have erred in *requiring* the state to prove the voluntariness predicate before the jury. To be sure, there is dictum to the effect that either party has the right to submit such proof. With this I disagree. To avoid one of the inherent potentials for prejudice, as earlier discussed, I would limit this right to the defendant—permitting the State to preface the offer of a confession or inculpatory statement, first ruled competent by the trial Court, with words to the effect, "Officer, after warning the defendant of his constitutional right, did he make a statement?"

In the trial of the instant case, the defendant, on direct and cross examination of the police officers who heard the defendant's confession, explored the circumstances under which the confession was made. On cross examination, the defense attorney emphasized the violent nature of police arrest procedures when they "bust some citizen's door open," and he portrayed the panic and confusion within the defendant's apartment after the police had entered. This evidence was admissible because it bore upon the credibility of the confession. Following such an examination, the prosecution could elect to counter this attack on credibility by introducing the evidence of *Miranda* warnings and voluntariness to offset the defendant's presentation. Under the majority opinion of this Court of the Court of Criminal Appeals' interpretation of the *Johnson* case, the prosecution would put the trial Court in error by not presenting as strong a case against the defendant as possible. I do not believe this is the law of *Johnson*. I, therefore, would reverse the judgment of the Court of Criminal Appeals and remand to the Court of Criminal Appeals for affirmance of the conviction of the trial Court.