358 So.2d 763 (1978)
In re Randolph HARRISON
v.
STATE.
Ex parte Randolph Harrison.
77-46.
Supreme Court of Alabama.
February 10, 1978.
As Corrected on Denial of Rehearing March 10, 1978.
*764 Myron H. Thompson, Dothan, for petitioner.
William J. Baxley, Atty. Gen. and Mary Jane LeCroy, Asst. Atty. Gen., for the State.
BLOODWORTH, Justice.
The question presented to us by this petition for writ of certiorari is: "Did the Court of Criminal Appeals err in affirming the trial court which allowed into evidence petitioner's inculpatory statement without his first having been given the Miranda[1] warnings?" We answer in the affirmative and reverse and remand.
The facts are that petitioner and another allegedly stole a car. When the car stalled, they allegedly attempted to steal a battery from a Mr. Faison, who saw them and called police. The police came and took the two "into custody" because one of them fit the description given by Mr. Faison. The arresting officer asked if they knew anything about the stalled stolen car. They replied they did not. The Court of Criminal Appeals made a finding that what then took place was a "custodial interrogation," viz:
"Q. Did they tell you what their names were?
"MR. THOMPSON: I object to what the defendant said, Your Honor.
"THE COURT: About what his name was or what are you objecting to?
"MR. THOMPSON: Any statement, unless he lays a predicate.
"THE COURT: I understand he asked him what his name was and I overrule you as to that."
* * * * * *
"Q. Okay. Did you ask them what their names were?
"MR. THOMPSON: I continue my objection.
"THE COURT: I overrule you.
"THE WITNESS: I don't believe I asked their name until we got back to the vehicle."
* * * * * *
"Q. Did you find anything in the vehicle?
"A. Yes, Sir. I found two cards, Alabama State Employment Cards that I have here.
"Q. Do they have any name on them?
"A. Yes, Sir. They have the name of Johnny Smith.
"Q. All right. After you found the cards in the car, did you ask anything regarding the names on the cards?
"A. Yes. I pulled the card in my hand and walked up to the car and asked who Johnny Smith was.
"Q. All right. Did anyone reply to that question?
"A. Yes, Sir. Randolph Harrison said he was Johnny Smith.
"MR. THOMPSON: I maintain that general objection.
"MR. SORRELLS: We submit it was an investigation and he was under custodial interrogation.
"THE COURT: Yes. I overrule the objection."
The Court of Criminal Appeals held that the statement was "inadmissible" and that the giving of a false name at the time might be looked to by the jury "as indicating a consciousness of guilt" or "an attempt to escape detection" and was "clearly prejudicial" to petitioner.
The court went on to hold, however, that because the objection came after the question was answered it came too late, and, *765 further, that it was not specific. The court held the trial court should not be put in error absent a motion to exclude and an adverse ruling thereon, i. e., "waiver."
The Miranda Rule clearly mandates that the prosecution may not use statements, inculpatory or exculpatory, stemming from a "custodial interrogation" of a defendant unless it proves that the Miranda warnings were given prior to questioning. The burden on the prosecution is heavy, Miranda holds, to prove that the defendant "knowingly and intelligently waived his privilege against self-incrimination." Miranda v. Arizona, supra; see also Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Lewis v. State, 295 Ala. 350, 329 So.2d 599 (1976).
In view of the heavy burden on the prosecution to prove waiver, the mandatory character of the Miranda Rule, and the uncontroverted finding of the Court of Criminal Appeals that this was a custodial interrogation, we think the Court of Criminal Appeals erred in holding "waiver" under the circumstances of this case. We think that portion of the record from which we have quoted does not support such a holding.
It is thus that we hold that, in any "custodial interrogation," the duty is on the state to prove, in accordance with the mandates of Miranda, that the Miranda warnings were given, in order to use, at trial, any statements, exculpatory or inculpatory, where, as here, there was an objection thereto.
We do not hold that general-on-the-scene questioning of suspects may not take place without the giving of Miranda warnings. See Miranda, supra, which speaks to that issue.
REVERSED AND REMANDED.
All the Justices concur.

On Rehearing
OPINION CORRECTED.
APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
In view of the fact that the opinion has been modified to hold that the State has to prove the mandates of Miranda, "where. . . there was an objection thereto," I concur in the result of the remand for the reasons I later state.
I hope that the Court of Criminal Appeals, on remand, will re-examine its finding that Harrison was "under custodial interrogation." If this finding of custodial interrogation was influenced, as it appears it was, by the statement in the record by Mr. Sorrells to the effect, "We submit it was an investigation and he was under custodial interrogation"then I call that court's attention to the fact that the State contended hereand it apparently is a factthat what Sorrells actually said was: "We submit it was an investigation and he was not under custodial interrogation."
Harrison is entitled to a fair trial, but he is not entitled to have the Court of Criminal Appeals base its finding of "in custody" on an incorrect record, if that is the case. The new appellate rules of practice, specifically Rule 10(f), are flexible enough to permit that court, on remand, to allow the State to get a corrected record. This Court has allowed a similar procedure for a defendant, even on certiorari. Ex parte: State of Alabama, ex rel. Attorney General, In re: Milton H. Satterwhite, Jr. (1977), Ala.Sup., 357 So.2d 819.
In short, if this appeal turns on whether the defendant was or was not in custody, that determination should not be made on an erroneous record, when the court has the power to get a correct one, on motion of the parties, or on its own motion, under Rule 10(f), A.R.A.P.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).