We granted these petitions for writ of certiorari to determine whether the Court of Criminal Appeals, 465 So.2d 448, erred when it remanded a case to the trial court for a post-conviction evidentiary hearing on the admissibility of a confession. We hold that the post-conviction hearing is an improper procedure in this case and we, therefore, reverse the judgment of the Court of Criminal Appeals.
Jonathan David Shula was convicted in the Circuit Court of Mobile County of first degree rape. He was sentenced to twenty years' imprisonment in the state penitentiary. During the trial, a confession was introduced into evidence in which Shula admitted his guilt. The issue decided by the Court of Criminal Appeals was whether the state met its burden of proving that Shula made a voluntary, intelligent and knowing waiver of his constitutional rights, such proof being a prerequisite to the admissibility of the confession.
The Court of Criminal Appeals found that the state had not met this burden of proof and that the confession was, therefore, not properly admissible into evidence. The court's solution was to leave the conviction intact and remand the case for a post-conviction evidentiary hearing to determine whether Shula, in fact, made a valid waiver of his rights. We do not here review the conclusion of the Court of Criminal Appeals that the state did not meet its burden of proof on this issue. We are concerned only with the Court's directions for disposition of the case. Shula argues that the proper remedy is a new trial, not an after-the-fact hearing on the admissibility of evidence already entertained by the jury which convicted him. We agree.
A confession is not properly admissible into evidence in a trial without a showing by the state that the defendant knowingly, intelligently and voluntarily waived his or her constitutional rights before making the statement. Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Confessions are presumed to be involuntary, placing the burden on the state to prove a valid waiver. North Carolina v. Butler,441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); Duncan v.State, 278 Ala. 145, 176 So.2d 840 (1965). As stated above, the Court of Criminal Appeals in this case found that the prosecution did not meet its burden of proof in Shula's trial. We now decide the proper means of rectifying this error.
In determining what is the proper method by which to dispose of the case, of crucial importance are the roles of the trial judge and the jury in deciding the voluntariness of the confession. In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774,12 L.Ed.2d 908 (1964), the United States Supreme Court declared unconstitutional the "New York rule" governing this determination of voluntariness. The rule allowed the trial judge to conduct a preliminary review of the evidence regarding the confession and exclude it only if under no circumstances the confession could be deemed voluntary. Otherwise, the confession was admitted into evidence and the jury determined both voluntariness and truthfulness. In other words, "if there [was] a factual conflict in the evidence as to voluntariness over which reasonable men could differ, the judge [left] the question of voluntariness to the jury." 378 U.S. at 414,84 S.Ct. at 1801 (Black, J., dissenting).
The Supreme Court held that it was a violation of the Due Process Clause of the Fourteenth Amendment to allow the convicting jury to determine both the voluntariness and the credibility of a confession. In footnote 19 of the majority opinion, the Court stated: *Page 454 
 Whether the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness is not a matter of concern here. To this extent we agree with Stein
[346 U.S. 156 (1953)] that the States are free to allocate functions between judge and jury as they see fit. [Emphasis added.]
378 U.S. at 391, 84 S.Ct. at 1788. Although Jackson struck down the New York rule, other rules regarding the voluntariness of confessions were apparently approved.
Under the "Wigmore" or "orthodox" rule, the "judge hears all the evidence and then rules on voluntariness for [the] purpose of admissibility of [the] confession; [the] jury considers voluntariness as affecting weight or credibility of [the] confession." Jackson, 378 U.S. at 411, 84 S.Ct. at 1799 (Black, J., dissenting). The Court distinguished the orthodox rule from the questionable New York rule by noting that under the orthodox rule
 the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. Moreover, his findings upon disputed issues of fact are expressly stated or may be ascertainable from the record. In contrast, the New York jury returns only a general verdict upon the ultimate question of guilt or innocence. It is impossible to discover whether the jury found the confession voluntary and relied upon it, or involuntary and supposedly ignored it. Nor is there any indication of how the jury resolved disputes in the evidence concerning the critical facts underlying the coercion issue. Indeed, there is nothing to show that these matters were resolved at all, one way or the other.
378 U.S. at 379-380, 84 S.Ct. at 1782. Under Jackson v. Denno
then, separate triers of fact must determine the voluntariness of a confession for purposes of admissibility on the one hand and the credibility of a confession on the other hand, with voluntariness being a factor permissibly considered as bearing on credibility. For this reason, the New York rule is unconstitutional, while the orthodox rule will stand.
The voluntariness of confessions is determined under the orthodox rule in Alabama. In Duncan v. State, 278 Ala. 145,176 So.2d 840 (1965), this Court said:
 The rule is that extrajudicial confessions are prima facie involuntary and inadmissible and the duty rests in the first instance on the trial court to determine whether or not a confession is voluntary and unless it so appears it should not be admitted. [Citations omitted.]
278 Ala. at 161, 176 So.2d at 855. Further, in Lewis v. State,295 Ala. 350, 329 So.2d 599 (1976), our Court said the following:
 Our Alabama cases follow the "Orthodox Rule" to the effect that the question as to the admissibility of a confession addresses itself to the judge and that the credibility and weight to be given a confession are matters exclusively for the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965); Johnson v. State, 242 Ala. 278, 5 So.2d 632 (1941).
295 Ala. at 351, 329 So.2d at 600. Additionally, subsequent toJackson v. Denno, our Court interpreted the effect of that decision as follows:
 We are clear to the conclusion that whenever a motion is made for the question of the voluntariness of the confession to be determined outside the presence of the jury, the motion should be granted. In such a hearing, the trial judge sitting alone should make a determination upon a proper record of the issue of voluntariness. . . . If the confession is held voluntary and admitted, the jury's consideration of that confession and surrounding circumstances shall proceed in accordance with the "Orthodox" procedure, that is, the jury considers the voluntariness as affecting the weight or credibility of the confession.
Duncan v. State, 278 Ala. 145, 165, 176 So.2d 840, 859 (1965).
In Lewis v. State, supra, the Court held that after the trial judge has determined *Page 455 in camera the voluntariness of a confession, the prosecution must lay the proper "Miranda" and "voluntariness" predicates in front of the jury before presenting the confession at trial. After analyzing the orthodox rule and its application in Alabama, the Court said:
 Under the rationale of these decisions, how can the jury consider "the voluntariness as affecting the weight or credibility of the confession" unless the state presents evidence as to the "Miranda" and "voluntariness" predicates to the jury? The answer seems to us to be self-evident, assuming, of course, that seasonable and proper objection is made by defendant, if such evidence is not presented by the state before a confession or inculpatory statement is offered.
295 Ala. at 352, 329 So.2d at 601. Since the jury considers voluntariness as bearing on credibility, the jurors must hear evidence concerning voluntariness/credibility just as the trial court hears evidence concerning voluntariness/admissibility.
In the present case, the state did not meet its burden of showing that Shula made a knowing, voluntary and intelligent waiver of his Miranda rights. A post-conviction evidentiary hearing will not remedy the situation, however. Since the jury which convicted Shula was entitled to hear evidence concerning the circumstances in which the confession was obtained, as bearing on voluntariness, which could then be used to weigh the credibility of the confession, a post-conviction evidentiary hearing is inadequate. This is so because the convicting jury will not have heard the evidence presented at the hearing. The proper remedy is a new trial in which the jury hears the evidence as to the voluntariness of the confession. Accordingly, we reverse the judgment of the Court of Criminal Appeals.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.