TYSON, Judge.
John B. Williams was indicted for the attempted murder of one Larry North by shooting him with a gun, in violation of §§ 13A-6-2, 13A-4-2, Code of Alabama 1975. The jury found Williams guilty of the lesser included offense of assault in the second degree and following a sentencing hearing the trial court sentenced Williams to ten years’ imprisonment in the penitentiary.
This cause arose out of an incident which occurred on the night of November 17, 1983, in a night club known as the Capri Club. Larry North testified that he was the owner/operator of this club. On the night in question the club was assessing a “cover charge” on its patrons. The appellant had entered the club prior to the time the cover charge went into effect and was in a back room shooting pool with several other men. North went into the pool room and told the men that they would have to pay the cover charge or leave the club. The appellant refused to pay and slapped North. North grabbed appellant by the arm and neck and, being assisted by the appellant’s brother, took him out of the club. North stated that later that night the appellant returned to the club. North approached him and told him to leave or the police would be called. At this time the appellant left the club and North followed him out of the door. As appellant was making his way through the parking lot he produced a shotgun and fired at North, hitting him in the left arm and back. After North was shot an employee fired several shots through a window and into the parking lot, but failed to hit the appellant.
The appellant’s version of the incident is somewhat different from North’s testimony. On the night in question he had been rabbit hunting with a .16 gauge shotgun in the woods near the Capri Club. As he was walking toward his home he noticed that the club was open and decided to stop. He hid his shotgun in the woods and entered the club. Upon entering the club he ordered a beer and went into a back room to watch some men playing pool. He had been “gambling on the side” for approximately two hours when North came into the pool room area. Williams stated that he made a bet with North concerning the pool game being played. North lost this bet and began arguing with Williams. Williams “snatched” the money for the bet out of North’s hand and at this time North instructed him to leave the club and not come back. North then grabbed the appellant and threw him to the floor. Appellant’s brother separated the two men and then the appellant left the club. Once outside the appellant noticed that North had *502 followed him out of the door and had a pistol. Williams went into the street and called North a name, at which time North fired two shots at him. Williams ran across the street to the spot where he had hidden his shotgun, picked the gun up, loaded it, and shot at North.
I
This appellant argues that the trial court improperly denied his written requested charge on the offense of assault in the third degree.
The trial court may properly refuse a written requested instruction which is not applicable to the evidence as presented at trial. See Rogers v. State, 417 So.2d 241 (Ala.Crim.App.1982); Taylor v. State, 408 So.2d 551 (Ala.Crim.App.), cert. denied, 408 So.2d 555 (Ala.1981); McDaniel v. State, 446 So.2d 670 (Ala.Crim.App.1983).
The appellant’s testimony at trial was that he intentionally shot at North in self-defense after North had fired several shots at him. He loaded his gun with the intention of shooting back at North and then did so. Under such evidence, the trial court acted properly in refusing the requested charge.
II
This appellant argues that the trial court erred in allowing the State to introduce, as part of its case in chief, a written statement signed by the appellant. He further argues that the State failed to show the voluntariness of the confession before the jury.
Williams argues that State’s witness, Officer Myles, testified in detail as to Miranda warnings read to him at the time of his arrest during a motion to suppress hearing held outside the presence of the jury. The appellant argues that upon trial judge’s denial of the motion, Myles was allowed to testify to the contents of the statement given, without first testifying as to its voluntariness before the jury and such was reversible error.
This contention is without merit. A careful review of the record does not indicate that Officer Myles testified to the contents of any written statement given by the appellant. Myles only testified that after he advised Williams of his Miranda rights he asked Williams where the gun was and Williams told him it was located in his bedroom.
Williams argues that the trial court compounded its error by allowing the State to ask the appellant questions about a written statement he had given police officers. Such questions were asked in an attempt to impeach the appellant’s testimony. Williams argues that it was error to use this confession without first establishing the voluntariness of the statement. Although it is true that a confession may not be used for impeachment purposes without first showing a voluntariness predicate, see Campbell v. State, 341 So.2d 742 (Ala.1976) and Johnson v. State, 398 So.2d 393 (Ala.Crim.App.1981), the appellant failed to object at trial to the use of the statement in this manner. Specific objections at trial are needed to preserve such error. Wyrick v. State, 409 So.2d 969 (Ala.Crim.App.1981); Gibbs v. State, 342 So.2d 448 (Ala.Crim.App.1977).
A careful review of the record indicates that this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.