BOWEN, Presiding Judge.
John Henry Lee and Henry Windell Spears were separately indicted for two counts of theft of property in the second degree in violation of Alabama Code 1975, § 13A-8-4. The counts charged the theft of hub caps from two different automobiles. The cases were consolidated for trial and both men were convicted. Lee was sentenced to twelve years’ imprisonment in each count; Spears to fifteen. Both convictions must be reversed because the trial court erred in admitting Lee’s and Spears’ second confessions into evidence.
I
At approximately 6:25 on the evening of October 1, 1983, Officer Leonard Murphy of the Homewood Police Department observed two individuals, later identified as Lee and Spears, involved in some suspicious activity in the parking lot of the Brookwood Mall. Officer Murphy, who was in an unmarked van, radioed for Officer Ragland to make a “traffic stop” of the Oldsmobile Lee and Spears were driving.
Lee and Spears stopped in response to Officer Ragland’s blue lights, but then sped away once the officer got out of his patrol car. A high speed chase ensued with patrol cars from the Mountain Brook Police Department and the Jefferson County Sheriff’s Department assisting Officers Ragland and Murphy. Officer Murphy testified that he saw a “muzzle flash” come from the Oldsmobile. Lee and Spears were eventually forced off the road after they had collided with Deputy Roberts, who had *1182 attempted to stop them. Officer Ragland and Deputy Roberts began firing pistols and a shotgun into the stopped Oldsmobile. It is undisputed that Officer Ragland brutally and unnecessarily assaulted both Lee and Spears after they had been removed from their Oldsmobile. After an investigation into this incident by the Internal Affairs Division of the Homewood Police Department, Officer Ragland was dismissed. Homewood Police Officer William McAnally’s original dismissal was subsequently reduced to a ninety-day suspension. After a similar investigation by the Sheriffs Office, Deputy Roberts was fired from the Jefferson County Sheriffs Department.
Statements were taken from both Lee and Spears the night of their arrest and while they were both in the hospital receiving treatment for the injuries they had received at the hands of the law enforcement officers upon their arrest.
Two days later, on October 3, 1983, additional statements were obtained from both Lee and Spears in which each man implicated the other in the theft of the automobile hub caps at the Brookwood Mall. Spears was in the Homewood City Jail. Lee was still in the hospital.
The error in this case is that the State did not prove the voluntariness of the first statements and the trial court did not consider the issue of the voluntariness of the first statements in ruling upon the admissibility of the second statements. The trial court repeatedly ruled that the State did not have to prove the voluntariness of the first statements since those statements were not being offered in evidence. The trial court’s comments make it clear that it considered the two statements separate and unrelated and that one was irrelevant to the other.
The principles involved in determining the voluntariness of a second confession or statement by the accused are clear:
“In the event there are several confessions by the accused, each relating to the same subject matter, there is no objection to the admission of all of them in evidence, provided they are all voluntary. ... If one confession is obtained by such methods as to make it involuntary, all subsequent confessions made while the accused is under the operation of the same influences are also involuntary. It is immaterial, in this connection, what length of time may have elapsed between the two confessions, if there has been no change in the circumstances or situation of the prisoner. Once a confession made under improper influences is obtained, the presumption arises that a subsequent confession of the same crime flows from the same influences, even though made to a different person than the one to whom the first was made. However, a confession otherwise voluntary is not affected by the fact that a previous one was obtained by improper influences if it is shown that these influences are not operating when the later confession is made. In other words, the presumption that a subsequent confession of the same crime flows from the same improper influences which induced a prior confession is not a conclusive one and may be overcome by proof that the influences present at the prior confession did not operate on the subsequent confession. The evidence to rebut the presumption that the subsequent confession, like the original confession, is involuntary, must be presented by the prosecution, must be given at the time the subsequent confession is offered in evidence, provided the court is then cognizant that the accused has made a prior involuntary confession, and must be clear and convincing. If the facts regarding the securing of an involuntary confession are not known to the court when the later confession is admitted, the evidence must be presented whenever the court becomes cognizant of the former confession, in which event it is for the jury to decide whether the subsequent confession was the result of influence which made the prior one involuntary.” 29 Am. Jur.2d Evidence § 537 (1967).
Similar principles were recently expressed by the Alabama Supreme Court in Ex *1183 parte Callahan, 471 So.2d 463, 466 (Ala.1985). “Extra-judicial confessions are pri-ma facie involuntary and inadmissible and the burden is on the State to show that the confession was made voluntarily.... The State also has the burden of showing that a subsequent, properly taken confession, was not tainted by a prior improperly taken confession.” Id. at 464, 471.
Applying these principles, the initial inquiry becomes whether or not Lee’s and Spears’ first statements were voluntary considering the totality of the cirumstanc-es. Because of the trial court’s rulings that these first statements were irrelevant to and separate from the subsequent statements introduced at trial, the record does not contain as great of detail as it should regarding the circumstances surrounding the first two statements. Especially in Lee's case, the limited facts contained in the record direct a finding of involuntariness.
The hostility of the police toward the accused is one factor which should be considered in determing voluntariness. United States v. Brown, 557 F.2d 541, 548 (6th Cir.1977). When Lee and Spears were finally stopped, two officers fired their weapons into the Oldsmobile where both defendants were still sitting, having made no further effort to escape. Even though neither defendant resisted arrest after their car had been stopped, both men were severely beaten and Spears was kicked and clubbed. Racial slurs and vulgarity were directed toward Lee during the beating. Both were treated at the scene by paramedics and taken to a hospital for further medical treatment. Lee’s undisputed testimony shows that, once he got to the hospital, a deputy sheriff told him, “Nigger, we ain’t through with you yet, ... when we get you back over to the police part we, going to finish you off.” Also, undisputed is Lee’s testimony that, while he was in the hospital and before his second statement, a law enforcement officer told him that unless he cooperated he would be charged with three cases of attempted murder. Lee remained in the hospital for five days because of his injuries. Spears required eighty stitches in his head and three or four in his nose.
The record shows that Lee’s first statement was obtained in the presence of one of the very officers [McAnally] who, by his own admission, had struck Lee with a nightstick in order to handcuff him. Another officer testified that Deputy McAnally’s actions were not justified. Lee testified that one of the officers who took his first statement was “the one that said they wasn’t through with me yet. When they got me back ... to the jail, they was going to finish me off.”
The record in this case generates very serious doubts as to the voluntariness of the first statements of both Lee and Spears. “[I]n deciding whether to admit a confession made subsequent to an inadmissible confession, ‘[t]he appropriate inquiry then becomes whether the conditions that rendered the earlier confessions inadmissible carried over to invalidate a subsequent one.’ ” United States v. Ayres, 725 F.2d 806, 810 (1st Cir.), cert. denied, — U.S. -, 105 S.Ct. 84, 83 L.Ed.2d 31 (1984). The error in this case is that the trial court’s rulings foreclosed such inquiry. By focusing only on the voluntariness of the defendants’ second statements and in not considering the voluntariness of the first statements given two days earlier, it appears that the trial court misapplied the legal principles governing the entire issue of voluntariness. See United States v. Recalde, 761 F.2d 1448, 1457 (10th Cir.1985) (confession following an illegal arrest).
The prosecutor resisted any effort by defense counsel to explore the circumstances surrounding the first statements. In so doing, the State failed to sustain its burden of affirmatively proving voluntariness by evidence “very clear and strong.” Callahan, 471 So.2d at 466. Where there is reason to believe that the first statements were the result of physical coercion or fear of physical retaliation by the police, the State has a very heavy burden of proving the voluntariness of a second statement. That burden cannot be dis *1184 pelled when the State merely decides that it will simply ignore the first statements or confessions and not introduce them into evidence. Those first statements constitute a very significant portion of the totality of the circumstances which must be considered in determining the voluntariness of the second statements. Even though the second statements of Lee and Spears appear to have been voluntary, when considered by themselves, they simply cannot be so isolated and judged in a vacuum.
While the facts that some time has passed between the statements, that there has been a change in the place of the interrogation, and that there has been a change in the identity of the interrogators are significant circumstances in determining whether or not the initial coercion has tainted the second confession, Oregon v. Elstad, — U.S. -, 105 S.Ct. 1285, 1294, 84 L.Ed.2d 222 (1985); Leon v. Wainwright, 734 F.2d 770, 773 (11th Cir.1984), that determination was not made in this case and we do not think that there are enough facts in the record for this Court to make that judgment initially.
We cannot presume that the error in admitting the second statements was harmless. This is especially evident when one considers the fact that one jury had been unable to render a verdict in Spears’ second trial where Lee’s confession had not been introduced.
Since a post-conviction evidentiary hearing on the issue of voluntariness will not remedy the State’s failure to prove an intelligent, knowing, and voluntary waiver of a suspect’s Miranda rights, Ex parte Shula, 465 So.2d 452, 455 (Ala.1985), the judgment of the circuit court must be reversed and the cause remanded.
II
Lee and Spears were separately indicted for the offenses charged. Prior to the trial resulting in this appeal, Spears had been separately tried on two occasions, both of which resulted in mistrials: the first because of juror misconduct; the second because the jury was unable to reach a verdict. The trial court, on its own motion, ordered that the cases against Spears be joined and consolidated with those against Lee.
Although the joinder of Lee and Spears for trial does initially present some concern under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), we consider it justified and falling within the “interlocking confession doctrine” exception to the Bruton rule which prohibits the admission in a joint trial of a co-defendant’s extrajudicial confession incriminating the defendant when the defendant does not testify. Bruton does not require a reversal where a nontestifying co-defendant’s confession is used against another defendant whose own confession interlocks with and supports the other confession. Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); United States v. Kroesser, 731 F.2d 1509, 1518 (11th Cir.1984); United States v. Parker, 622 F.2d 298, 301 (8th Cir.), cert. denied, 449 U.S. 851, 101 S.Ct. 143, 66 L.Ed.2d 63 (1980); State v. Bleyl, 435 A.2d 1349, 1364 (Me.1981); Damon v. State, 397 So.2d 1224, 1226 (Fla.Dist.Ct.App.1981).
We have considered the other issues raised by Lee and Spears on appeal and find them to be without merit. The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.