Defendant, John B. Williams, was indicted for the attempted murder of a Mobile County nightclub operator. He was convicted in the Mobile County Circuit Court of the lesser included offense of assault in the second degree and was sentenced to serve a term of ten years in the state penitentiary. Following an affirmance of his conviction by the Court of Criminal Appeals, Williams v. State, 484 So.2d 500 (Ala.Crim.App. 1985), defendant petitioned this Court for a writ of certiorari, raising two issues: (1) was it reversible error for the trial court to permit a police officer to testify about an alleged "confession" without the State's having laid the "Miranda"[1] and "voluntariness" predicates before the jury; and (2) was it reversible error for the trial court not to charge the jury on the lesser included offense of assault in the third degree. For the reasons set forth below, the judgment of the Court of Criminal Appeals is affirmed. *Page 504 
A statement of the facts of this case is presented in the opinion of the Court of Criminal Appeals. Williams, supra.
 I
During defendant's trial, the State called the police officer who had arrested defendant to testify as to the events surrounding the arrest. Officer Bryant Myles testified that he went to the house where defendant lived and, upon knocking and receiving permission to enter the house, found defendant and placed him under arrest. Officer Myles's testimony continued:
"Q. What did you do then?
 "A. I then proceeded to start handcuffing him and — I am sorry. I did not handcuff him, another officer did. I began reading him his Miranda warning.
"Q. Did you give him all his constitutional rights?
"A. Yes, sir; off of this card. I carry it with me.
"Q. What rights did you give him?
"A. That he had the right to —
 MR. DEEN [Defense counsel]: Judge, can we have a side bar?"
At this time, defendant's counsel requested that a hearing be held outside the presence of the jury to determine the admissibility of any statement made by defendant to Officer Myles. Outside the jury's presence, Officer Myles then proceeded to testify about the Miranda warnings he had given defendant following the arrest. During this testimony, Officer Myles read a card containing the complete Miranda warnings, which he testified he had read to defendant at the time of the arrest. He also testified that defendant acknowledged that he understood the rights that had just been read to him. Officer Myles further testified about the circumstances surrounding the arrest and the statement. The trial judge ruled that the statement made by defendant was admissible, and Officer Myles's testimony before the jury continued:
"Q. Okay. What did you do next?
 "A. After I finished reading the Miranda warnings to him, I asked him where the shotgun was. He said, `it's in the —'
"MR. DEEN: I am going to object. No predicate.
"THE COURT: What?
 "MR. DEEN: Object to the predicate on the statement.
 "THE COURT: Let me just be sure. Do we need to go through the Miranda here in the presence of the jury?
 "MR. SHIELDS [Assistant District Attorney]: I don't believe we do, Judge. We just did it outside their presence.
"THE COURT: Okay. I overrule the objection.
 "Q. You gave him his Miranda rights. You asked him where the gun was. What happened then?
"A. He stated that it was in the bedroom on the bed."
Defendant argues that the trial court committed reversible error in allowing his alleged "confession," i.e., his statement that the gun was in the bedroom, to go to the jury before the State had laid the "Miranda" and "voluntariness" predicates. Defendant relies on this Court's decision in Lewis v. State,295 Ala. 350, 329 So.2d 599 (1976), for this argument. See also, Ex parte Shula, 465 So.2d 452 (Ala. 1985).
There is no question that the failure by the State to lay the proper predicates before the jury is error and that that error will normally require that a conviction be reversed. See,Lewis, supra; Shula, supra. However, after reviewing the entire record in this case, we find that the error has not "injuriously affected substantial rights" of defendant and that a reversal of his conviction is not necessary. Rule 45, A.R.A.P.; Bryson v. State, 264 Ala. 111, 113, 84 So.2d 785, 787
(1956). Even if we were to apply the standard of "harmless beyond a reasonable doubt," Chapman v. California, 386 U.S. 18,24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), the State's failure to lay the proper predicates would not require a reversal of defendant's conviction. We find this omission to be *Page 505 
"harmless error" for two reasons. First, on direct examination, defendant testified before the jury that he shot at the victim in self defense, using the shotgun asked about by Officer Myles. On both direct and cross-examination, he in fact admitted that the shotgun was his and that he had used it to shoot at the victim. Therefore, the use or ownership of the shotgun that the alleged "confession" might imply against defendant was not at issue in the trial. See, United States v.Roper, 681 F.2d 1354, 1359 (11th Cir. 1982).
Second, on cross-examination, defendant testified to essentially the same thing that was contained in his alleged "confession." Defendant's testimony concerning his arrest and the alleged "confession" made to Officer Myles consisted of the following:
"Q. So, what did the policemen do then?
"A. Handcuffed me.
"Q. And then what?
"A. Read me my rights.
"Q. Did he ask you where the shotgun was?
"A. Yes, he asked me where it was.
"Q. Did you tell him?
"A. I told him it was in the house.
"Q. Okay, so, they got the shotgun then?
"A. Yes, he went back in the house and got it."
Where a defendant has testified to essentially the same facts as those contained in an alleged "confession," any error in failing to lay the "Miranda" or "voluntariness" predicates before the jury is rendered harmless. Jones v. State, 50 Ala. App. 36,38, 276 So.2d 621, 623 (1973). See also, Maughan v.State, 473 So.2d 1140, 1143 (Ala.Crim.App. 1985).
Under the facts of this case, we believe that the State's failure to lay the proper predicates before the jury, while error, was harmless, and that defendant's conviction should not be reversed on this basis.
 II
Defendant also argues that the trial court committed reversible error when it failed to instruct the jury on the lesser included offense of assault in the third degree (Code 1975, § 13A-6-22). Defendant cites to this Court the case ofWyatt v. State, 419 So.2d 277, 281 (Ala.Crim.App. 1982), wherein it was held that assault in the third degree was a lesser included offense as to assault in the second degree (Code 1975, § 13A-6-21). Although this is true as a general proposition, a jury charge on a lesser included offense is not required when there is no reasonable theory presented by the evidence in the case to support such a charge. See, Haynes v.State, 461 So.2d 869, 873 (Ala.Crim.App. 1984). See also, Code 1975, § 13A-1-9. When it is clear to the judicial mind that there was no evidence presented which tends to bring the act committed within the scope of a lesser included offense, then a trial court's refusal to charge the jury on a lesser offense is proper. Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978).
In this case, it was uncontradicted that defendant used a "deadly weapon," i.e., the shotgun, in the commission of this act. The evidence was also uncontradicted that defendant went to where he had left his shotgun outside the club, loaded the gun, and intentionally fired a shot at the victim, causing physical injury. The elements of assault in the second degree, § 13A-6-21 (a)(2), were therefore established by the evidence presented in this case. Although assault in the third degree includes an act whereby the defendant "causes physical injury by means of a deadly weapon," the statute requires that the defendant act with "criminal negligence." Code 1975, § 13A-6-22
(a)(3). Since it was uncontradicted that defendant used adeadly weapon to intentionally shoot the victim, it was "clear to the judicial mind" that no evidence was presented to bring the offense committed within the definition of assault in the third degree. Therefore, the trial court did not err in not charging the jury on assault in the third degree.
After reviewing the record and the arguments presented by defendant, we are unable to find any error necessitating a *Page 506 
reversal of this cause. Therefore, the judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON, BEATTY and HOUSTON, JJ., concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).