TAYLOR, Judge.
The appellant, Richard Kent Langley, was convicted of reckless manslaughter. See § 13A-6-3(a)(l), Code of Alabama 1975. He was sentenced to 10 years’ imprisonment.
The evidence presented at trial tended to show that on December 7,1991, the appellant shot and killed his best friend, Jimmy Smith, with a pistol at the Parkway Lounge in Mobile, Alabama. The appellant and Smith *340 were together most of the day on December 7, 1991. They went to several bars in the area before arriving at the Parkway Lounge, which was owned by the appellant and his wife.
At some point while they were at the Parkway Lounge, the appellant started a fight with a bar patron. The appellant and Smith then left the bar. In a short while, they returned to the bar. The appellant was carrying a pistol. The appellant resumed the fight. During the fight, the gun fired and a bullet struck Smith in the head.
There was no dispute that the appellant was holding the gun when it fired. The evidence tended to show that the gun was fired either two or three times. The appellant gave a statement to the police shortly after the shooting in which he said he intentionally fired the gun. At trial, the appellant said that the gun accidentally fired when he hit someone in the head with it.
I
The appellant contends that the court erred by not suppressing the statement that he made to the police shortly after the shooting. He contends that he did not make this statement voluntarily.
At the suppression hearing, Officer James E. Mayo of the Mobile Police Department testified that the appellant’s statement was voluntary. He testified that the appellant was informed of his right to remain silent and of his right to legal counsel as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He testified that no one coerced or induced the appellant to make a statement. Officer Mayo said that the appellant seemed to understand his rights and that he did not request legal counsel. The appellant told the officers that Joe Brunson was his attorney, but he did not request that Mr. Brunson be present. Officer Mayo said that the appellant had been drinking when he made the statement but that he did not believe the appellant was intoxicated.
Although the appellant signed a waiver of rights form, he stated when he signed the form, “I don’t completely understand that. My attorney is Joe Brunson, but I will answer any questions you want to ask me.” (R. 139) After looking at the entire statement, the court stated:
“He goes on to say that what he didn’t understand was the general format of the questioning. He did not say that he didn’t understand the rights in the Miranda warning.”
We have reviewed the entire statement, and we agree with the trial court. The appellant said that he did not understand the format of the questioning but that he would “be glad to answer any questions you want to ask.” (R. 140) The appellant never requested that his attorney be present, and he signed a written waiver of rights form.
“Pursuant to Alabama law, a statement made subsequent to an arrest is prima facie involuntary and inadmissible at trial; thus, the State must prove the statement was voluntarily made and must lay a Miranda predicate before the statement is admissible. Thomas v. State, 373 So.2d 1167 (Ala.1979), vacated on other grounds, 448 U.S. 903, 100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980); Lewis v. State, 295 Ala. 350, 329 So.2d 599 (1976). Whether a waiver is voluntarily, knowingly, and intelligently made depends upon the particular underlying facts and circumstances of each case, including the background, experience, and conduct of the accused — the totality of the circumstances. Chandler v. State, 426 So.2d 477, 478 (Ala.Crim.App.1982) (citing Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)); Myers v. State, 401 So.2d 288, 291 (Ala.Crim.App.1981), and cases cited therein. See also Dunkins v. State, 437 So.2d 1349 (Ala.Crim.App.), aff'd, 437 So.2d 1356 (Ala.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); Harris v. State, 420 So.2d 812 (Ala.Crim.App.1982); Rogers v. State, 417 So.2d 241 (Ala.Crim.App.1982); Dolvin v. State, 391 So.2d 666 (Aia.Crim.App.1979), aff'd, 391 So.2d 677 (Ma.1980). ‘ “Any clear manifestation of a desire to waive is sufficient. The test is the showing of a knowing intent, not the utterance of a shibboleth.” ’ Lloyd v. State, 45 Ala.App. 178, 184, 227 So.2d 809, *341 814 (1969) (quoted with approval in Rogers v. State, 417 So.2d at 248)). The trial judge need only be convinced from a preponderance of the evidence to find a confession to have been voluntarily made. Harris v. State, 420 So.2d at 814. The voluntariness of a statement is a question of law for the court, to be determined upon preliminary proof, taken outside the presence of the jury, and such finding will not be disturbed on appeal unless it appears contrary to the great weight of the evidence, or is manifestly wrong. Marschke v. State, 460 So.2d 177 (Ala.Crim.App.1984), and eases cited therein.”
Jackson v. State, 516 So.2d 726, 741 (Ala.Crim.App.1985).
After reviewing the evidence presented by the state, we find that the state met its burden of proving the voluntariness of the appellant’s statement.
II
The appellant also contends that the circuit court erred in refusing to give three of the appellant’s requested jury charges pertaining to the offense of criminally negligent homicide. Although the court instructed the jury on the offense of criminally negligent homicide, the court did not give the following requested charges:
“DEFENDANT’S REQUESTED JURY CHARGE NO. 4
“The court charges the jury that in defining criminal negligence as it relates to criminally negligent homicide it has been said that it is that degree of negligence which results in the death of another though done without intent to kill or inflict the injury causing the death and was committed accidentally in the commission of some unlawful act by the Defendant not amounting to a felony.
“The court further charges you that engaging in an affray, fistfighting, engaging in disorderly conduct or being drunk and disorderly are criminal acts which do not amount to a felony.”
“DEFENDANT’S REQUESTED JURY CHARGE NO. 9
“The court charges the jury that the defendant may be guilty of criminally negligent homicide if he unintentionally killed the deceased while he was engaged in the commission of a misdemeanor such as fighting with others, committing a breach of the peace, or being drunk and disorderly even though the said death was accidentally or unintentionally caused by the defendant.”
“DEFENDANT’S REQUESTED JURY CHARGE NO. 11
“The court charges the jury that a person is acting criminally negligently where his conduct causes an unlawful killing, but is without any intent to kill or inflict the injury resulting in death, but was accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor.”
The court’s charge on criminally negligent homicide adequately covered the applicable principles of law, and, furthermore, the appellant’s requested instructions were confusing.
“Requested jury charges must be considered in the light of, or in connection with, all other charges given by the trial court. Page v. State, 487 So.2d 999, 1008 (Ala.Cr.App.1986). The trial court’s refusal to give written requested charges does not constitute error when the charges are covered in the trial court’s oral charge, are confusing or misleading, are inapplicable or abstract, or are an incorrect statement of the applicable law. Sasser v. State, 494 So.2d 857, 860 (Ala.Cr.App.1986); Page, supra, 487 So.2d at 1008; McDaniel v. State, 446 So.2d 670, 674 (Ala.Cr.App.1983).”
*342 Stout v. State, 547 So.2d 894, 898-99 (Ala.Cr.App.1988), aff'd, 547 So.2d 901 (Ala.), after remand, 547 So.2d 905 (Ala.Cr.App.1989).
The court did not err in refusing to give the appellant’s requested instructions.
For the foregoing reasons, the appellant’s conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.